IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST RAY KOONCE, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-4521 |
| HOMEQ SERVICING, WELLS FARGO BANK, N.A., OCWEN LOAN SERVICING, LLC, THOMAS E. REDER OR REX KESLER, PARK PLACE SERCURITIES, INC. MANN & STEVENS, P.C., and JOHN DOE 1-100, | § § § § § § § § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is *pro se* Plaintiff Ernest Koonce's Special Appearance to Object to Jurisdiction of this Court (Document No. 4), in which Plaintiff also moves to remand the case to state court. After carefully considering the motion, response, reply and the applicable law, the Court concludes that the case must be remanded to the 127th Judicial District Court, Harris County, Texas.

Defendant Wells Fargo Bank, NA, as Trustee under the Pooling and Servicing Agreement Dated As Of April 1, 2005 Asset Backed Pass-Through Certificates, Series 2005-WHQ2 ("Defendant") removed the suit to federal court solely on the basis of federal question jurisdiction, alleging that Plaintiff's state court petition "arises under and presents substantial questions of federal law

under the federal Fair Debt Collection Practices Act."[1] Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) federal jurisdiction exists and (2) the removal procedure is properly followed. The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998). Any doubt about the propriety of the removal is to be resolved in favor of remand. See Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000); Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

Federal jurisdiction based on a federal question exists if a plaintiff's well-pleaded complaint raises a claim that arises under federal law. 28 U.S.C. § 1331. Generally, a plaintiff is the master of the complaint and may avoid federal jurisdiction by relying exclusively on state law. Caterpillar Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987). "A defendant cannot establish federal question jurisdiction merely by showing that federal law will 'apply' to a case or that there is a 'federal issue' in the plaintiff's state law causes of action." Heston v. AAA Apartment Locating, No. C-09-151, 2009 WL 2244497, at *3 (S.D. Tex. July 24,

---

[1] Document No. 1 at 2. Defendant did not assert diversity of citizenship in its notice of removal or its response to Plaintiff's motion, Defendant has provided no facts proving diversity of citizenship, and, regardless, a claim of diversity of citizenship must be timely and cannot now be made. 28 U.S.C. § 1446(b)(3), (c)(1).

2009) (citing <u>Carpenter v. Wichita Falls Indem. Sch. Dist.</u>, 44 F.3d 362, 366 (5th Cir. 1995)).

In his Application for Temporary Restraining Order and Injunctive Relief (the "Petition"), Plaintiff does not seek relief under any federal law.[2] His allegations challenge the ownership and assignment of the note and seek to prevent what he alleges would be a wrongful foreclosure. These allegations fall squarely within the realm of state law. *See, e.g.,* TEX. PROP. CODE § 51.0001 *et seq.* (West 2007). Accordingly, it is

ORDERED that Plaintiff Ernest Koonce's Special Appearance to Object to Jurisdiction of this Court and his motion to remand

---

[2] Document No. 1, ex. B-1. Plaintiff filed his Petition in state court on October 1, 2010 against several defendants seeking to prevent the foreclosure of his home and challenging the ownership of the mortgage note. Plaintiff named the following defendants: Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing, Wells Fargo Bank, N.A. ("Wells Fargo"), Ocwen Loan Servicing, Inc., Park Place Securities, Thomas E. Reder or Rex L. Kesler, Substitute Trustees, Mann & Stevens, P.C., "and any other Defendants who as yet may not have made themselves known to Plaintiff." <u>Id.</u>, ex. B-1 at 1. He also stated in the facts section that "Defendants cited in this Application include Wells Fargo Bank, NA, as Trustee under the Pooling and Servicing Agreement Dated As Of April 1, 2005 Asset Backed Pass-Through Certificates, Series 2005-WHQ2". <u>Id.</u>, ex. B-1 at 1-2. On November 17, 2011, Plaintiff filed a Notice of Nonsuit against all of the named defendants, including Wells Fargo but not separately listing Wells Fargo in its role as Trustee. Before the state court dismissed the case, Defendant filed an answer and counterclaim against Plaintiff, claiming that it was named as a separate defendant from Wells Fargo in the Petition and further claiming that it had not been nonsuited because Plaintiff only listed Wells Fargo and did not separately list Wells Fargo in its role as Trustee. Because this Court lacks jurisdiction in this case, the state court is the proper place to resolve the effect of Plaintiff's nonsuit.

3

(Document No. 4) is GRANTED, the Court finds that it does not have federal question jurisdiction, and this case is REMANDED to the 127th Judicial District Court, Harris County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 127th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 18TH day of May, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE